# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GIORDANNI CHACON MALDONADO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No.: 1:26-cv-00628-JLT-SKO (HC)<br><br>ORDER CONSTRUING PETITIONER'S OBJECTIONS AS MOTION TO AMEND PETITION AND GRANTING MOTION TO AMEND<br><br>[Doc. 12]<br><br>[30-DAY DEADLINE] |

Petitioner is an immigration detainee proceeding with appointed counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on January 26, 2026. (Doc. 1.)  Upon preliminary review, the Court concluded that Petitioner's claims were without merit. Petitioner's claims centered entirely on his prolonged detention which was for two months at that time. Therefore, the Court recommended summarily dismissing the petition. (Doc. 7.)  Because other due process claims could possibly be raised, the Court appointed counsel for Petitioner on February 4, 2026. (Doc. 9.)

On February 18, 2026, Petitioner filed objections. (Doc. 12.) Petitioner contends Respondents have yet to respond to the petition. Petitioner is advised that Respondents were not ordered to respond to the petition, as it was without merit. As noted in the Findings and Recommendations, the provisions

1

of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

For the first time, in his objections, Petitioner contends his due process rights were violated when he was detained without a hearing and without being provided a reason for his detention. (Doc. 12 at 1-2.) Pro se habeas petitions must be construed liberally, Haines v. Kerner, 404 U.S. 519 (1972), however, the Court cannot create claims for the petitioner out of thin air.  Here, no claim regarding Respondent's decision to detain Petitioner in violation of his procedural due process rights was articulated. At best, Petitioner described his arrest during a traffic stop in which a firearm and illegal substances were discovered in the vehicle from which Petitioner's companion fled. (Doc. 1 at 6-8.)

Petitioner also claims it is possible he is being detained despite having temporary protected status. Counsel for Petitioner states he has no documents indicating why Respondents re-detained Petitioner despite Petitioner possibly maintaining temporary protected status.

In light of the additional claims identified by counsel in the objections, the Court will construe the objections as a motion to amend the petition, and the motion will be granted. This appears to be the best approach as ordering Respondents to respond to the petition in its current state would likely prove unproductive.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1)  Petitioner's objections (Doc. 12) are CONSTRUED as a motion to amend the petition;

2)  The motion to amend is GRANTED;

3)  Petitioner is GRANTED thirty (30) days to file a First Amended Petition.

IT IS SO ORDERED.

Dated:  __**February 20, 2026**__          ___/s/ _Sheila K. Oberto_____

                                   UNITED STATES MAGISTRATE JUDGE